IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephen Russell Keller, #121351,<br><br>                      Plaintiff,<br><br>vs.<br><br>Mr. Bradley,<br>Mr. Wilson,<br>Mr. Malone,<br>Mr. Quinn,<br>G.C.D.C. Operations Staff,<br><br>                      Defendants. | C/A No. 8:15-4714-HMH-JDA<br><br>**REPORT AND RECOMMENDATION** |

Stephen Russell Keller ("Plaintiff"), proceeding pro se, brings this civil action pursuant to 42 U.S.C. § 1983, apparently alleging a violation of his constitutional rights. Plaintiff is a detainee[1] in the Greenville County Detention Center ("GCDC"). He files this action *in forma pauperis* under 28 U.S.C. § 1915. This case is subject to summary dismissal.

## **BACKGROUND**

Plaintiff alleges that he is detained in dorm 2A of Building 4 at the GCDC. [Doc. 1.] Liberally construed, he alleges there is a kiosk in each dorm for detainees to use to communicate with the prison staff. [*Id.*] In his dorm, beginning on November 8, 2015, when he attempted to log in to the kiosk, the response was "'you are not allowed to log into this kiosk, you are currently assigned to a different location.'" [*Id.*] He appears to allege that when other detainees in his dorm have attempted to log into the kiosk, they received the same message. [*Id.*] The problem with the kiosk allegedly was reported to the prison

---

[1] Although he does not allege it, the Court assumes that Plaintiff is a pre-trial detainee.

officials; however, no person had attempted to correct the problem as of November 16, 2015. [*Id.*]

Plaintiff alleges that detainees use the kiosk to communicate with prison officials about the following issues and for the following reasons: medical, dental, and mental health; order canteen; communicate with chaplain, food services, laundry; read the inmate handbook; communicate with legal; locate a bondsman listing; and change visitation list. [*Id.*] He contends that while the kiosk has been inoperable, "we as inmates" were unable to properly communicate with prison officials about those matters. [*Id.*] Further, he alleges "we as inmates are left totally in the dark only in this dorm." [*Id.*]

For his relief, Plaintiff requests that the kiosk be repaired immediately. [*Id.*] He also seeks "some type of reparations for being unable to communicate properly as needed with staff." [*Id.*]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(d) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court. Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute. This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Further, Plaintiff is a prisoner under the definition in 28 U.S.C. § 1915A(c), and "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). Thus, even if Plaintiff had prepaid the full filing fee, this Court is charged with

screening Plaintiff's lawsuit to identify cognizable claims or to dismiss the Complaint if (1) it is frivolous, malicious, or fails to state a claim upon which relief may be granted or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A.

As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

## **DISCUSSION**

The Complaint is filed pursuant to 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)). A civil action under § 1983 "creates a private right of action to vindicate violations of 'rights, privileges, or immunities secured by the Constitution and

laws' of the United States." *Rehberg v. Paulk*, 132 S. Ct. 1497, 1501 (2012). To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Although the Court must liberally construe the pro se Complaint and Plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the Complaint, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007)); *see also Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (explaining that a plaintiff may proceed into the litigation process only when his complaint is justified by both law and fact). "A claim has 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Owens v. Baltimore City State's Attorneys Office*, 767 F.3d 379, 388 (4th Cir. 2014).

This case should be dismissed because Plaintiff does not sufficiently allege standing due to his own lack of injury in fact. And, he does not sufficiently allege a substantial risk of serious injury to himself in the future. To file a lawsuit in federal court, a plaintiff must have Article III standing. *See Libertarian Party of Virginia v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013). There are three essential elements of standing: injury in fact, causation, and a substantial likelihood that the requested relief will remedy the alleged injury in fact. *Fisher v. King*, 232 F.3d 391, 396 n.5 (4th Cir. 2000). If a prisoner alleges that he is under a constant threat of serious harm to his future health which prison officials are aware of and

disregard, such a plaintiff may state a § 1983 claim before actual injury occurs. *See Baze v. Rees*, 553 U.S. 35, 49–50 (2008) (an inmate may file a lawsuit without waiting for injury to occur if the conditions present a risk sure or very likely to cause serious illness or needless suffering and give rise to sufficiently imminent dangers); *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (finding that "the question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health...'").

In this case, Plaintiff does not allege any injury that he has suffered, or is at risk to suffer, due to the kiosk in his dorm being inoperable for eight days. At most, Plaintiff seems to worry that he (and other detainees) will be unable to communicate with prison officials about important issues, such as his health, diet, and legal concerns if the kiosk is not repaired. These allegations are not sufficient to confer standing. *See McConnell v. Federal Elec. Comm'n*, 540 U.S. 93, 226 (2003) (noting that "'a threatened injury must be *certainly impending* to constitute injury in fact'"); *Friends of the Earth, Inc. v. Laidlaw Environmental Serv. (TOC)*, 528 U.S. 167, 198 (2000) (noting that for a plaintiff to demonstrate standing at the pleading stage "[g]eneral allegations of injury may suffice..." and that a plaintiff must demonstrate how he personally was harmed and his subjective apprehensions of the threat of injury are not sufficient); *see also Martin v. Keitel*, 205 F. App'x 925 (3rd Cir. 2006) (holding that *sua sponte* dismissal of a prisoner's 1983 action was appropriate because even if the defendants violated his rights in the past, the prisoner is not entitled to a declaration to that effect because he failed to "'... allege facts from which it appears there is a substantial likelihood that he will suffer injury in the future.'"); *Kennedy v. Lake*, 207 F. App'x 900 (10th Cir. 2006) (finding that a prisoner's § 1983 claim was properly dismissed

because he suffered no actual harm and therefore lacked standing). Therefore, this action should be dismissed due to Plaintiff's lack of standing.[2]

Moreover, to the extent Plaintiff attempts to represent the other detainees in his dorm 2A of building 4, he lacks standing to sue on behalf of them. *See Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner cannot act as a "knight-errant" for others); *Oxendine v. Williams*, 509 F.2d 1405, 1407 & n.* (4th Cir. 1975) (a pro se prisoner unassisted by counsel cannot be an advocate for others in a class action); *Inmates v. Owens*, 561 F.2d 560, 562-563 (4th Cir. 1977) (one pro se inmate does not have standing to sue on behalf of another inmate); *see also Myers v. Loudon Co. Pub. Sch.*, 418 F.3d 395, 401 (4th Cir. 2005) (finding that a pro se person's right to litigate for *oneself* does not create a similar right to litigate on behalf of others).

## **RECOMMENDATION**

It is recommended that the District Court dismiss this action without prejudice and without issuance and service of process. *See Neitzke v. Williams*, 490 U.S. 319, 324–25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); and 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether

---

[2]Also, Plaintiff may have failed to state a plausible claim for violation of the Fourteenth Amendment because he does not allege an injury or substantial risk of injury. The due process clause of the Fourteenth Amendment imposes affirmative obligations on states for the treatment of pre-trial detainees. While the Fourteenth Amendment guarantees pretrial detainees humane conditions of confinement, "the Eighth Amendment standard provides the benchmark for such claims." *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir.1998); *see also Starr v. Smith*, C/A No. 5:13-1244-RBH-KDW, 2013 WL 4021167, at *3 (D.S.C. Aug. 6, 2013). For this reason, the standards discussed in *Farmer v. Brennan,* 511 U.S. 825 (1994), are applicable in Plaintiff's case. *Cf. Kingsley v. Hendrickson*, 135 S.Ct. 2466 (2015) (the standard for excessive force claims is objective unreasonableness).

they are subject to summary dismissal).  **Plaintiff's attention is directed to the important notice on the next page.**


December 17, 2015                                                         S/Jacquelyn D. Austin
Greenville, South Carolina                                         United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 300 East Washington Street, Room 239
> Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).